IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEBRA SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 07-262-S-EJL |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SELECT PORTFOLIO SERVICING, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Defendants' Motion to Compel Discovery (Docket No. 8). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument, the Court will address and resolve the motion without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

I.

MOTION TO COMPEL

On December 3, 2007, Defendants filed a Motion to Compel Discovery, seeking to compel Plaintiff to provide (i) her initial disclosures and (ii) responses to Defendants' First Set

**ORDER - 1**

of Discovery Requests. (Docket No. 8-3). On December 26, 2007, three weeks after the filing of Defendants' Motion, Plaintiff filed her initial disclosures.[1]

As of January 7, 2008, however, Plaintiff had not yet responded to Defendants' First Set of Discovery Requests, *see* Reply Memorandum (Docket No. 9), even though her responses were due on November 26, 2007. In addition, as of the date of the filing of this Order, Plaintiff has not responded to Defendants' Motion to Compel Discovery (Docket No. 8), and the deadline for doing so expired on December 27, 2007.

Plaintiff's failure to respond to Defendants' Motion, by itself, provides a basis for granting Defendants' Motion because such failure may be "deemed to constitute a consent to . . . the granting of said motion." D. Idaho L. Civ. R. 7.1(e).

Additionally, however, Defendants' Motion is supported by good cause because Plaintiff, to date, has not responded to Defendants' discovery requests or filed anything with the Court explaining her failure to do so. *See* Fed. R. Civ. P. 37(a)(3)(B); Defendants' Memorandum in Support of Motion to Compel Discovery (Docket No. 8-3); Reply Memorandum in Support of Motion to Compel Discovery (Docket No. 9); Affidavit of Counsel (Docket No. 8-2).

---

[1] To the extent Defendants seek to require Plaintiff to supplement her initial disclosures, such supplementation will not be required by this Order for two reasons. First, there has been no affidavit filed to demonstrate that defense counsel has attempted to meet and confer with Plaintiff regarding the asserted inadequacies of her initial disclosures. Second, Plaintiff has not had an opportunity to respond to Defendants' request for supplementation and argument in support because it was contained in a footnote in Defendants' Reply Memorandum and was not raised in Defendants' opening brief. This ruling is without prejudice to Defendants filing a future motion seeking to compel more detailed initial disclosures after defense counsel makes a reasonable effort to meet and confer with Plaintiff's counsel on the matter and properly documents those attempts for the Court.

**ORDER - 2**

Accordingly, for all of these reasons, Defendants' Motion to Compel Discovery is granted. Plaintiff has already provided her initial disclosures but, to fully comply with this Order and her obligations under the Federal Rules of Civil Procedure, she must respond to Defendants' First Set of Discovery Requests on or before January 21, 2008.

## II.

## AWARD OF EXPENSES

Defendants have requested that they be awarded the expenses incurred in bringing their Motion to Compel Discovery. Reply Memorandum, p. 2 (Docket No. 9). When a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i); *see also* Fed. R. Civ. P. 37(a)(1) (requiring that the movant have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

Although defense counsel's affidavit relates two conversations with Plaintiff's counsel regarding the missing initial disclosures, there has been no showing that defense counsel conferred with Plaintiff's counsel regarding Plaintiff's failure to respond to the First Set of Discovery Requests. In fact, Plaintiff's discovery response was not due until November 26, 2007 and defense counsel's last reported conversation with Plaintiff's counsel was on November 16, 2007, a week and one-half before Plaintiff's response was due. *See* Affidavit of Counsel, p. 2, ¶¶ 7, 8 (Docket No. 8-2). For this reason, an award of expenses on that portion of Defendants'

**ORDER - 3**

Motion related to Plaintiff's failure to respond to the First Set of Discovery Requests is denied. It is appropriate, however to award the fees and expenses incurred by Defendants in bringing that portion of their Motion related to Plaintiff's failure to provide initial disclosures despite at least two attempts by defense counsel to obtain these disclosures.  Although Plaintiff ultimately provided her initial disclosures, it was three weeks after Defendants' filed their Motion to Compel Discovery.

On or before January 25, 2008, Defendants shall submit a request for fees and a supporting affidavit relating to the initial disclosures portion of the at-issue Motion to Compel Discovery.  On or before February 15, 2008, Plaintiff may file an objection to the requested fees. *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring the court to provide the party opposing the motion "an opportunity to be heard").  Any reply by Defendants must be filed on or before February 22, 2008.

## III.

## ORDER

IT IS THEREFORE HEREBY ORDERED:

1. Defendants' Motion to Compel Discovery (Docket No. 8) is GRANTED. Plaintiff shall file her responses to Defendants' First Set of Discovery Requests on or before **January 21, 2008.**

2. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiff shall pay the reasonable expenses Defendants incurred in bringing the Motion to Compel Discovery as it relates to the initial disclosures.

**ORDER - 4**

3. Defendants shall submit a request for fees and supporting affidavit on or before **January 25, 2008.** Any objection to the requested fees must be filed on or before **February 15, 2008**. On or before **February 22, 2008**, Defendants may reply to any objection or response filed by Plaintiff.



DATED: **January 10, 2008**.

_____
Honorable Larry M. Boyle
U. S. Magistrate Judge

ORDER - 5