IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEBRA SANTIAGO, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. CV 07-262-S-EJL |
| | ) | |
| v. | ) | **ORDER, REPORT AND** |
| | ) | **RECOMMENDATION** |
| SELECT PORTFOLIO SERVICING, et al., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Defendants' Motion for Sanctions (Docket No. 13). The Honorable Edward J. Lodge referred all non-dispositive pretrial matters to this Court in this action (Docket No. 6). Defendant's Motion seeks the sanction of dismissal; therefore, a Report and Recommendation pursuant to 28 U.S.C. § 636(b) will be entered. Having carefully reviewed the record, considered the argument of counsel at the hearings held on August 14, 2008, and being otherwise fully advised, the Court enters the following Report and Recommendation:

**I.**

**REPORT**

**A.    Background**

On April 4, 2007, Plaintiff filed a Complaint in state district court and Defendants removed the case to federal court on June 14, 2007 (Docket No. 1), before filing an Answer on June 27, 2007 (Docket No. 4). On September 5, 2007, District Judge Edward J. Lodge entered a Scheduling Order setting an April 30, 2008 deadline for completion of discovery. (Docket No. 6).

**ORDER, REPORT AND RECOMMENDATION - 1**

On December 3, 2007, Defendants filed a Motion to Compel Discovery, seeking to compel Plaintiff to provide her initial disclosures and responses to Defendants' First Set of Discovery Requests. (Docket No. 8-3). On December 26, 2007, three weeks after the filing of Defendants' Motion, Plaintiff filed her initial disclosures.

As of January 7, 2008, however, Plaintiff had not responded to Defendants' First Set of Discovery Requests, *see* Reply Memo. (Docket No. 9), even though her responses were due on November 26, 2007. In addition, Plaintiff did not respond to Defendants' Motion to Compel Discovery (Docket No. 8). Based on Plaintiff's failures to respond to Defendants' discovery requests or file anything with the Court explaining her failure to do so, an Order was entered granting Defendants' Motion to Compel and awarding Defendants a portion of the attorney fees incurred in bringing their Motion. (Docket No. 10).

As of January 30, 2008, Plaintiff still had not filed any responses to Defendants' discovery requests despite this Court's Order granting Defendants' Motion to Compel, and requiring Plaintiff to serve her responses on or before January 21, 2008. *See* Memo. in Support of Mot. for Sanctions, p. 2 (Docket No. 13-3); Claiborne Aff., p. 2, ¶ 3 (Docket No. 13-2); Order, p. 4 (Docket No. 10). For this reason, Defendants filed a Motion for Sanctions (Docket No. 13), seeking to impose sanctions on Plaintiff for her noncompliance with the Court's Order; specifically, that Plaintiff be permanently prohibited from introducing any testimony or evidence that would tend to support any of her claims and, concomitantly, that Plaintiff's Complaint be dismissed, Plaintiff be held in contempt of Court, and Plaintiff be required to pay Defendants' court costs and attorney fees. Reply, p. 2 (Docket No. 16).

Based on Plaintiff's lack of participation in this action, specifically, her failure to respond to any of Defendants' Motions (Docket Nos. 8, 12, 13) or respond to Defendants' discovery

**ORDER, REPORT AND RECOMMENDATION - 2**

requests, a show cause hearing was scheduled for July 22, 2008 to provide Plaintiff with a final opportunity to respond to Defendants' Motion for Sanctions and show cause why the sanctions requested by Defendants should not be imposed and this action dismissed.

On July 21, 2008, Plaintiff's counsel telephoned the Court to request a continuance of the show cause hearing based on an injury for which he was evaluated at the St. Luke's Emergency Department.  Dr. Thomas Ahlquist provided Plaintiff's counsel with a "Work Excuse," excusing Plaintiff's counsel from work from July 21 to 24, 2008.  Based on counsel's representation that he was injured, and because Defendants' counsel had no objection to continuing the show cause hearing, the hearing was rescheduled to August 14, 2008 at 9:00 a.m.  In the Docket Entry Order granting the continuance, Plaintiff was ordered, on or before August 12, 2008, to fully respond to all of Defendants' discovery requests if she had not already done so.

Despite this Order, Plaintiff did not respond to Defendants' discovery before the August 14, 2008 hearing.  Further, Plaintiff did not appear at the hearing with her counsel, despite being ordered to do so.  For this reason, the hearing was recessed until later that same day.  Plaintiff appeared at this second hearing and responded to the Court's questions and Plaintiff's counsel requested additional time to provide discovery responses.

Plaintiff's counsel also provided the Court and Defendants' counsel a Declaration setting forth his and his client's medical and personal issues.  *See* Docket No. 23.  Considering the information contained in the Declaration and in a psychologist's report submitted to the Court, Plaintiff was allowed until Monday, August 18, 2008 at 5:00 p.m. to serve full and complete responses to all of Defendants' outstanding discovery requests.

**ORDER, REPORT AND RECOMMENDATION - 3**

**B.     Discussion**

On August 18, 2008, Plaintiff timely filed a Certificate of Service of Plaintiff's Responses to Defendant's First Set of Discovery Responses.  (Docket No 27).  Later that same day, however, Defendants responded with an Objection.  (Docket No. 28).  Essentially, Defendants state that although Plaintiff filed responses to the discovery requests, the interrogatory responses were not meaningful nor were they suported by the documents requested in the requests for production.[1]  *Id.*  Further, no expert report has been produced that would establish causation and the deadline for disclosing experts expired on October 19, 2007, without any request by Plaintiff for an extension of time.  *See* Scheduling Order (Docket No.  6).  Moreover, the deadline for completion of discovery passed on April 30, 2008, again without any motion by Plaintiff to extend that deadline.  *Id.*

When a party fails to obey a discovery order, "the court where the action is pending may issue further just orders," including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]
> (vi) rendering a default judgment against the disobedient party.

Federal Rule of Civil Procedure 37(b).  Defendants now request the sanction of dismissal with prejudice, as well as lesser sanctions.  *See* Reply, p. 2 (Docket No. 16).

---

[1] Although the Court has read through the Plaintiff's discovery responses and Defendants' Objections, nothing in this Order, Report and Recommendation is intended to be construed as a ruling on the adequacy of Plaintiff's responses.

**ORDER, REPORT AND RECOMMENDATION - 4**

The Court of Appeals for the Ninth Circuit has developed a five-factor test to determine whether a case-dispositive sanction under Rule 37(b)(2) is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation and internal quotation marks omitted). The fifth factor includes consideration of lesser sanctions, whether the court has tried them, and whether the court warned the recalcitrant party about the possibility of case-dispositive sanctions. *Id.* This "test" is not mechanical; rather "[i]t provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow. . . ." *Id.*

Here, Plaintiff was provided with notice that the sanction of dismissal may be imposed in this case. *See* Order, p. 3 (Docket No. 19). Considering the history of this action and Plaintiff's repeated failures to respond to Court orders and Defendants' discovery requests, the only two options for sanctions reasonably available to the Court at this time are absolute dismissal with prejudice, or limiting Plaintiff's evidence to that produced in discovery. As indicated at the August 14, 2008 hearings, the Court will not recommend to the District Court that the sanction of dismissal be imposed in this case. In making this determination, the Court has placed significant weight on the public policy favoring disposition of cases on their merits.

Although the Court is not recommending dismissal, and also will not recommend imposing a contempt of court sanction, the Court recommends that Plaintiff be limited to the discovery responses and documents disclosed on or before August 18, 2008 to support her claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). In other words, Plaintiff will not be allowed to

**ORDER, REPORT AND RECOMMENDATION - 5**

supplement these responses or introduce any evidence that was not disclosed in her discovery responses or initial disclosures.  Plaintiff had nearly ten months— from October 25, 2007 to August 18, 2008– to accumulate the documents and evidence necessary to establish her claims; no further time will be provided, especially in light of what may be less than complete discovery responses.  *See* Defendants' Objection (Docket No. 28).

The Court recognizes that prohibiting Plaintiff from introducing into evidence matters not already disclosed may leave her with little to support her claims, but other courts have imposed more drastic sanctions for similar discovery order violations[2] and the sanction recommended here is warranted by the delay in prosecuting this case caused by Plaintiff's failures to respond to court orders and discovery requests.  For this reason, it is recommended that the District Court extend the pretrial motion filing deadline from May 30, 2008 to October 1, 2008 to allow counsel time to review the discovery responses and determine if any dispositive pretrial motions are warranted.[3]

As an additional sanction, the Court recommends that the District Court award Defendants the fees incurred in pursuing discovery responses and filing their Motion for Sanctions.  *See Bowers v. NRX Services, Inc.*, 170 F.R.D. 91 (N.D. N.Y. 1997) (allowing fees as a sanction).  It was only after Defendants filed the Motion for Sanctions and a show cause hearing on that Motion was held that Plaintiff finally responded to the discovery requests.  In these circumstances, awarding fees is an appropriate sanction for Plaintiff's recalcitrance.  An award of fees in the amount of $2,328.00 is supported by the information contained in

---

[2] *See. e.g*, *Tisdale v. Darkis*, 101 F.R.D. 307, 309 -310 (D.C. Kan. 1984) (imposing sanction of dismissal); *Bowers v. NRX Services, Inc.*, 170 F.R.D. 91 (N.D. N.Y. 1997) (same).

[3] The trial in this case is set to begin on November 4, 2008.

**ORDER, REPORT AND RECOMMENDATION - 6**

Defendants' Verified Petition for Allowance of Attorney Fees Re: Motions for Sanctions. *See* Docket Nos. 26 & 26-2.

## II.

## RECOMMENDATION

Based on the foregoing, it is **HEREBY RECOMMENDED** to the District Court that

1. Defendants' Motion for Sanctions (Docket No. 13) be DENIED to the extent it seeks dismissal of this action and the sanction of contempt of court, but GRANTED as set forth above;

2. Plaintiff be prohibited from introducing into evidence matters not already disclosed in discovery, and be precluded from seeking additional discovery;

3. Defendants' Verified Petition for Allowance of Attorney Fees Re: Motions for Sanctions (Docket No. 26) be GRANTED and Defendants awarded fees the amount of $2,328.00; and

4. The deadline for filing dispositive motions be extended from May 30, 2008 to October 1, 2008.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.



DATED:  **August 20, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER, REPORT AND RECOMMENDATION - 8**