IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBRA SANTIAGO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SELECT PORTFOLIO SERVICING, INC., )<br>)<br>Defendant. )<br>) | Case No. CV07-262-S-EJL<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

  On August 20, 2008, United States Magistrate Judge Larry M. Boyle issued his Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. On August 29, 2008, Defendant filed its objection to the Report and Recommendation. On September 2, 2008, Plaintiff filed her objection. On September 12, 2008, Defendant filed his response to Plaintiff's objection.

  Pursuant to 28 U.S.C. § 636(b)(1) this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a de novo review of the record in order to rule upon the objections of the Plaintiff.

  The magistrate judge recommends that Plaintiff be sanctioned for failing to comply with discovery deadlines and other court orders. Judge Boyle recommends that the action not be dismissed, but that Plaintiff be limited to introducing evidence that has been disclosed on or before August 18, 2008. Judge Boyle also recommends ordering Plaintiff to pay attorneys fees to Defendant related to the motion to compel and motion for sanctions in the amount of $2,328.00. Finally, Judge Boyle recommends extending the dispositive motion deadline until October 1, 2008.

  Defendant objects that the new time line is not workable and requests the pretrial motion deadline, trial date and expert disclosure date for Defendants be extended. Plaintiff objects to the

ORDER - Page 1
08ORDERS\Santiago_rnr.WPD

amount of the award for attorneys fees and requests the deadlines be reset including allowing Plaintiff to name an expert witness.

The Court agrees with Defendant that the trial date needs to be vacated and a new pretrial motions deadline needs to be established that gives the parties adequate time to brief the motions and for the Court to resolve any motions. The Court also agrees that Defendant's date to disclose expert witnesses should be extended. Having only received discovery in August, Defendant needs time to identify an expert after the provided discovery has been reviewed. In the interests of fairness, Plaintiff will have the right to identify a rebuttal expert, but the deadline for Plaintiff to identify a case-in-chief expert has long passed and will not be extended. Further, Plaintiff will not be allowed to circumvent the intent of this Court and use the rebuttal expert in her case-in-chief, instead, such an expert witness, if any, shall only be called as a rebuttal witness.

As to the amount of the attorneys fees awarded, the Court finds the magistrate judge has properly calculated the appropriate amount of fees. While it is true Plaintiff had no opportunity to respond to the Defendant's verified petition (Docket No. 26) prior to Judge Boyle issuing his Report and Recommendation, the Plaintiff had the due process opportunity to object to the Defendant's fees as an objection to the Report and Recommendation and Plaintiff did so.

Plaintiff objects to the amount and reasonableness of the fees awarded and argues that fees should only be allowed after the Court issued its order on June 30, 2008. This Court respectfully disagrees. The Plaintiff's failure to comply with the orders of the Court are flagrant, without good cause, and numerous. The conduct of the Plaintiff has caused Defendant to incur fees related to trying to get court-ordered discovery from Plaintiff well before June 30, 2008. The Court properly considered the time involved in moving the Court to compel Plaintiff to respond from January until August 2008. The Court did not include fees for the motion to compel that were incurred in December 2007 and January 2008 as those were awarded in the June 30, 2008 order. Therefore, there is no double recovery for Defendant's attorneys.

In reviewing the detailed attorneys' time, the amount related to the motions to compel incurred after the dates of the fees awarded in the June Order as well as the fees for the motion for sanctions should both be included and are reasonable in amount. The Court also finds the hourly

ORDER - Page 2
08ORDERS\Santiago_rnr.WPD

rates of $135 and $150 to be reasonable based on the market rates for attorneys in Boise, Idaho doing this type of legal work. Moreover, the award of attorneys fees is a proper sanction under Fed. R. Civ. P. 37(b) and allows the Plaintiff to avoid the requested sanction of dismissal of the action.

Because the Court finds the report and recommendation of Judge Boyle to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings and conclusions made by Judge Boyle. Acting on the recommendation of Judge Boyle, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1) The motion for sanctions is GRANTED IN PART AND DENIED IN PART. The matter will not be dismissed (Docket No. 13), however Plaintiff will be limited to the evidence disclosed on or before August 18, 2008 (with the exception of rebuttal experts). Plaintiff will also pay attorneys fees to Defendant in the amount of $2,328.00 as a monetary sanction for failing to comply with the Court's orders (Docket No. 26).

2) The trial set for November 4, 2008 is VACATED. The trial shall be reset for June 16, 2009 at 9:30 a.m. at the Federal Courthouse in Boise, Idaho.

3) The deadline for Defendant to disclose any expert witnesses is November 1, 2008. Plaintiff will have until December 1, 2008 to identify and complete rebuttal expert disclosures as required by federal rules of civil procedure and local rules.

4) The deadline for pretrial motions shall be January 12, 2009.

DATED: **September 25, 2008**

Honorable Edward J. Lodge
U. S. District Judge